ALAN B. YUTER (SBN 101534)
RACHEL E. HOBBS (SBN 186424)
BENJAMIN A. MARSH (SBN 247913)
SELMAN BREITMAN LLP
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA  90025
Telephone: (310) 445-0800
Facsimile: (310) 473-2525

Attorneys for Defendant
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>SCOTTSDALE INSURANCE COMPANY, an Ohio Corporation,<br><br>         Defendant. | CASE NO.  2:09-CV-00177-JAM-EFB<br><br>Judge: Hon. John A. Mendez<br><br>ORDER DENYING PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING PARTIAL SUMMARY JUDGMENT *SUA SPONTE* IN FAVOR OF DEFENDANT SCOTTSDALE INSURANCE COMPANY<br><br>Date: December 9, 2009 |

The motion of plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers") for partial summary judgment came on regularly for hearing before this Court on December 9, 2009. Aaron C. Agness of Weston & McElvain, LLP, appeared as attorney for plaintiff Travelers and Alan B. Yuter of Selman Breitman, LLP, appeared as attorney for defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale").  After considering the moving and opposition papers, arguments of counsel and all other matters presented to the Court, IT IS HEREBY ORDERED THAT Travelers' motion for partial summary judgment is denied and that this Court

PDF created with pdfFactory trial version www.pdffactory.com

*sua sponte* grants partial summary judgment in Scottsdale's favor that (1) the trailers that were involved in the April 26, 2005 automobile accident do not qualify as covered autos under the commercial automobile policy that Scottsdale issued to RVT, LLC ("RVT"); and (2) Travelers is not entitled to any reimbursement from Scottsdale pursuant to Travelers' claims for equitable indemnity and equitable subrogation.  This adjudication is made in consideration of the evidence and arguments presented in the papers, and all the reasons stated by the Court on the record at the December 9, 2009 hearing including:

 1.   Travelers issued policy number P-710-8559W814-TIL-05, with effective dates of March 1, 2005 to March 1, 2006, which provides commercial automobile coverage to Lee Traynham Trucking ("Traynham").

 2.   Travelers issued policy number ZFS-EX-8559W814-TIL-05, with effective dates of March 1, 2005 to March 1, 2006, which provides excess (following form) liability insurance to Traynham.

 3.   Scottsdale issued policy number OPS0009373 to RVT with effective dates of May 1, 2004 to May 1, 2005 ("the Scottsdale policy").

 4.   Scottsdale issued the Scottsdale policy to RVT based upon the representations in RVT's April 22, 2004 Commercial Automobile Application, which disclosed: (1) that RVT leased tractors; (2) that RVT did not own or lease trailers; and (3) that RVT does not use owner/operators or subcontractors.

 5.   On April 26, 2005, John R. Friel ("Friel")was driving a 1999 Peterbilt tractor bearing VIN 1XPFD99X8XD498467, which it owned.  Attached were two trailers, bearing VINs

1T9AA1111F1030958 and 1T9AA1113F1030954, owned by Traynham. While driving the tractor and trailers, Friel was involved in an automobile collision, resulting in the deaths of Rafael Navarro and Gumaro Rivera Ocampo.

6. On September 21, 2005, the surviving wife and children of Rafael Navaro filed an Amended Complaint in an action entitled "Rita Navarro, et al. v. Thomas J. Friel, et al.," Colusa County Superior Court, Case No. CV 23375, seeking damages stemming from the April 26, 2005, accident in which Navarro was killed ("the Navarro Action").

7. On October 7, 2005, the surviving wife and child of Gumaro Rivera Ocampo filed an action entitled "Iliana L. Flores de Rivera, et al. v. Thomas J. Friel, et al.," Colusa County Superior Court, Case No. CV 23384, seeking damages stemming from the April 26, 2005, accident in which Ocampo was killed ("the Flores Action").

8. Scottsdale declined any coverage obligations to RVT for the Navarro and the Flores Actions (collectively "Underlying Actions"), primarily on the ground that the trailers involved in the Underlying Actions did not qualify as covered autos under the Scottsdale policy.

9. Travelers paid $2 million to settle the Underlying Actions. Travelers paid $1 million pursuant to policy number P-710-8559W814-TIL-05 and $1 million pursuant to policy number ZFS-EX-8559W814-TIL-05.

10. Thereafter, Travelers filed the instant action against Scottsdale alleging causes of action for (1) equitable indemnity; (2) equitable subrogation; and (3) equitable contribution arising

1  out of the defense and settlement of the Navarro and Flores
2  actions.
3      11.  The Court finds as a matter of law that neither the
4  tractor nor the trailers involved in the subject accident
5  qualified as a covered "auto" under the Scottsdale Policy.
6  First, it is undisputed that the tractor was not owned or leased
7  by RVT.  Second, the trailers were not attached to one of the
8  Scheduled tractors.  The language in the Scottsdale policy
9  provides that liability coverage is afforded to "Only those
10 'autos' described in Item Three of the Declarations for which a
11 premium charge is shown (and for Liability Coverage any
12 'trailers' you don't own while attached to any power unit
13 described in Item Three.)"  The Court finds that the trailers
14 involved in the subject accident were not covered autos pursuant
15 to the above-language.
16     12.  This Court further finds that there is no evidence that
17 Travelers actually did defend RVT nor is there any evidence that
18 Travelers actually settled on behalf of RVT or paid anything on
19 behalf of RVT in the underlying litigation.
20     13.  This Court declines to reach the issue of which policy
21 would provide primary coverage and which would be excess.
22     14.  In light of the foregoing ruling granting partial
23 summary judgment *sua sponte* in favor of Scottsdale, the parties
24 agree that Travelers cannot prevail on any of the causes of
25 action alleged in the complaint for: (1) equitable indemnity; (2)
26 equitable subrogation; and (3) equitable contribution.  The
27 parties therefore have stipulated that final judgment may now be
28 entered in favor of Scottsdale, subject to Travelers' right to

PDF created with pdfFactory trial version www.pdffactory.com

appeal each of the foregoing rulings, which are expressly reserved.

15. Therefore, based on the foregoing rulings and the stipulation of the parties, this Court orders that Final Judgment be entered against Travelers and in favor of Scottsdale with respect to all causes of action alleged in the complaint.

IT IS SO ORDERED.

DATED: January 19, 2010      /s/ John A. Mendez_____
                             JOHN A. MENDEZ
                             UNITED STATES DISTRICT JUDGE

Approved As To Form And Stipulated That
Final Judgment May Be Entered, Subject To
Travelers' Right To Appeal As Expressly Reserved:

_____
Aaron C. Agness, attorney
for Travelers Property
Casualty Company of America

_____
Alan B. Yuter, attorney
for Scottsdale Insurance Company

PDF created with pdfFactory trial version www.pdffactory.com